UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-22244-JEM/Becerra

LEVY SIMON, *et al.*,

    Plaintiffs,

v.

CITY OF FLORIDA CITY, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1]
ON DEFENDANTS' MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendants, City of Florida City ("City Defendant"), Detective Frantz Hardy, Detective Auriz Leza, and Detective Marcus Terry's (together with Leza and Hardy, "Detective Defendants") (collectively, "Defendants") Motion to Tax Costs and Incorporated Memorandum of Law (the "Motion"), ECF No. [43]. Plaintiffs Levy Simon and Youseline Pierre Simon (collectively, "Plaintiffs") filed a Response in Opposition to Defendants' Motion (the "Response"), ECF No. [45]. Defendants filed their Reply (the "Reply"), ECF No. [46]. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Defendants' Motion, ECF No. [43], be **DENIED**.

    **I.**    **BACKGROUND**

Plaintiffs' action arises out of the fatal shooting of Juvon Simon by Defendant Hardy of the Florida City Police on May 30, 2018. ECF No. [33] ¶ 4. Specifically, Plaintiffs alleged that

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned "to take all necessary and proper action as required by law." ECF No. [47].

despite the fact that Simon did not present a threat to the officers, Defendant Hardy fired three shots, hitting Simon and resulting in his death. *Id.* ¶ 7. Plaintiffs initiated this action against the Detective Defendants, individually and in their official capacities, as well as the City Defendant. Plaintiffs alleged that the City Defendant "maintained a custom or policy of using excessive force as evidenced by its failure to impose progressive discipline for misconduct." *Id.* ¶ 77. Specifically, Plaintiffs alleged a violation of civil rights under Section 1983 against City Defendant and Defendant Hardy (Counts I, II); a conspiracy to obstruct the investigation of the shooting incident against City Defendant and Detective Defendants, (Counts III, VI); and a wrongful death count against City Defendant and Defendant Hardy (Counts IV, V). *Id.* ¶¶ 65–137.

Plaintiffs Levy Simon and Youseline Pierre Simon filed their first Complaint against Defendants on May 29, 2020. ECF No. [1]. Plaintiffs thereafter filed their First Amended Complaint on July 16, 2020. ECF No. [12]. Defendants filed a Motion to Dismiss Amended Complaint on August 10, 2020, seeking to dismiss all counts, with the exception of Plaintiffs' Section 1983 claim against Defendant Hardy. ECF No. [15]. The Court granted Defendants' motion on March 1, 2021, with leave for Plaintiffs to amend the complaint a final time. ECF No. [32]. Plaintiffs filed a Second Amended Complaint on March 17, 2021. ECF No. [33]. Defendants again moved to dismiss the Second Amended Complaint on March 31, 2021. ECF No. [35]. Plaintiffs thereafter filed a Notice of Voluntary Dismissal, indicating "voluntary dismissal of this action without prejudice." ECF No. [42]. On June 17, 2021, the Court entered a Final Order of Dismissal Without Prejudice. ECF No. [44].

On June 16, 2021—after Plaintiffs filed their Notice of Voluntary Dismissal but before the Court entered its Final Order of Dismissal Without Prejudice—Defendants filed the instant Motion pursuant to Federal Rule of Civil Procedure 54(d)(1), requesting costs in the amount of $931.20. ECF No. [43] at 4. Specifically, Defendants request $931.20 for "printed or electronically

recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2)." *Id.* According to Defendants, they "are clearly the prevailing parties because the Plaintiff[s] achieved none of the benefits . . . sought in pursuing the lawsuit." *Id.* at 2. Defendants argue that there is support in the Eleventh Circuit for the proposition that a party against whom a dismissal without prejudice is filed is entitled to cost. *Id.* Because they claim to have prevailed, Defendants seek the costs for transcripts of the two Plaintiffs, arguing that the depositions were "vital to the defense of this action and . . . would have been utilized as evidence at the summary judgment stage of the proceedings" and Plaintiffs "were listed in Plaintiff[s'] witness list." *Id.* at 3.

Plaintiffs filed a Response arguing that Defendants are not prevailing parties given that the voluntary dismissal without prejudice simply placed Plaintiffs in the same legal position they were in before the lawsuit, and the Court never issued a judgment. *See* ECF No. [45] at 1, 4. Plaintiffs further contend that Defendants' cited authority is incorrect as there is no clear or binding precedent that entitles them to their costs. *Id.* at 2. Specifically, Plaintiffs argue that the authority cited by Defendants differs from the case at hand because those cases either did not concern voluntary dismissals without prejudice, or because the cases concerned a court's authority to address collateral issues, such as fees, after voluntary dismissal. *See id.* at 2–3. Finally, Plaintiffs argue that even if Defendants were prevailing parties, they are not entitled to costs because the deposition costs were not necessarily obtained since "[p]leadings had not even closed in this case; it was not necessary for the Defendants to incur any deposition costs while the matter remained in the motion-to-dismiss stage." *Id.* at 5 (emphasis removed).

Defendants filed a Reply, arguing that "the Eleventh Circuit has approvingly cited other federal Court of Appeals decisions for the assertion that costs are recoverable pursuant to a voluntary dismissal without prejudice," including cases cited by Defendants in their Motion. ECF No. [46] at 1–2. Defendants then argue that Plaintiffs' voluntary dismissal is akin to a dismissal

3

with prejudice as to Defendant Hardy, because the statute of limitations has run on the state-law wrongful death claim against Detective Hardy. *Id.* at 2–3. According to Defendants, even if "the Court disagrees that costs are generally recoverable pursuant to a voluntary dismissal without prejudice, Defendants are nonetheless the prevailing parties as to Plaintiffs' now-time-barred wrongful death claim against Detective Hardy." *Id.* at 3. Finally, in response to Plaintiffs' argument that the depositions were not necessarily obtained, Defendants counter that "the motion to dismiss that was pending prior to Plaintiffs' depositions did not seek dismissal of the entire Amended Complaint" and "thus could not have disposed of the case in its entirety," and note that the action had been pending for nearly a year at the time of Plaintiffs' depositions. *Id.* at 4.

## II.     ANALYSIS

The issue before the Court is whether Defendants can be "prevailing parties" as a result of Plaintiffs' voluntarily dismissal without prejudice. To be sure, and as Defendants concede, the Eleventh Circuit has not considered this issue, although it has "approvingly" cited other Courts of Appeals for the proposition that they can recover their costs. ECF No. [46] at 1. Given that there is no clear or binding precedent on the issue, the undersigned looks to the general rule on what constitutes a prevailing party to determine whether Defendants are entitled to their costs.

As an initial matter, under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citing Fed. R. Civ. P. 54(d)(1)). Although Rule 54(d)(1) does not define the term "prevailing party," courts have generally interpreted it to require a change in the parties' legal relationship, through some type of court action. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001) (noting that two bases for attorney's fees, "enforceable judgments on the merits and court-ordered consent decrees[,] create the material alteration of the legal relationship

4

of the parties necessary to permit an award of attorney's fees.") (citations and quotations omitted), *superseded by statute on other grounds,* Open Government Act of 2007, Pub.L. No. 110–175, 121 Stat. 2524; *Simon Prop. Group, L.P. v. Taylor*, No. 20-14374, 2021 WL 4432686, at *2 (11th Cir. Sept. 27, 2021) ("To determine whether a defendant is a prevailing party, we ask whether the plaintiff was rebuffed [in its] efforts to effect a material alteration in the legal relationship between the parties" and "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial *imprimatur*.") (citations and quotations omitted). "To determine whether a litigant is a 'prevailing party,' the Eleventh Circuit applies a two-prong test, requiring '(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties.'" *AmeriPath, Inc. v. Wetherington*, No. 10-60766-CIV, 2011 WL 3475367, at *2 (S.D. Fla. Aug. 9, 2011) (quoting *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach,* 353 F.3d 901, 905 (11th Cir.2003)). Therefore, in order to demonstrate that they are the prevailing parties, Defendants must show that (1) the Court awarded Defendants some relief on the merits, or (2) there was a judicial *imprimatur* as to a change in the parties' legal relationship. *See id.* at *2 (quoting *Smalbein*, 353 F.3d at 905). The Court finds that Defendants are not prevailing and not entitled to their costs.

First, Defendants cannot show that they succeeded in securing relief on the merits of any of the claims. Defendants assert that they are the prevailing party in this litigation because Plaintiffs did not achieve the benefits they sought and because the Court granted Defendants' initial motion to Dismiss. ECF No. [43] at 2. However, Plaintiffs' "failure to respond to Defendant[s'] motion to dismiss and the Court's subsequent dismissal without prejudice does not amount to a judgment in Defendant[s'] favor" since the "Court did not render a ruling on the merits of the motion to dismiss or, for that matter, the claims raised in the [Second Amended] Complaint."

5

*Kent v. Los Angeles Lakers, Inc.*, No. 12-21055-CIV, 2013 WL 12382956, at *2 (S.D. Fla. Apr. 17, 2013), *report and recommendation adopted*, No. 12-21055-CIV, 2013 WL 12382968 (S.D. Fla. Aug. 23, 2013).

Defendants' argument that the voluntary dismissal amounts to a dismissal with prejudice for the state-law wrongful death claim against Detective Hardy, since the claim is now time-barred, does not change this analysis. *See* ECF No. [46] at 2. Indeed, the running of the statute of limitations on that claim did not result from any arguments made on the merits, and other courts within this District have found similar instances to be insufficient to render a litigant the prevailing party. *See AmeriPath, Inc.*, 2011 WL 3475367, at *2 (reasoning that plaintiff was not a prevailing party where "[no] relief was ever entered or finally denied as to [defendant]" and the denial of plaintiff's motion for a temporary restraining order was not "because of any arguments [the defendant] made," but rather because plaintiff failed to satisfy "the high burden required for the issuance of a temporary restraining order *without allowing Defendants to respond"* and "because certain motions that [defendant] had filed demand[ed] consideration prior to the Court making a determination as to whether injunctive relief is appropriate") (internal citation and quotations omitted). Thus, the undersigned finds that Defendants have failed to show that they are prevailing parties, as Defendants have not been awarded relief on the merits. *See Smalbein,* 353 F.3d at 905; *AmeriPath, Inc.*, 2011 WL 3475367, at *2.

Second, the Court's rulings in this case "did not result in any judicial *imprimatur* on the change in the legal relationship between" the Parties as to those claims that were voluntarily dismissed and could be brought again in the future. *See AmeriPath, Inc.*, 2011 WL 3475367, at *3 (S.D. Fla. Aug. 9, 2011); *Kent*, 2013 WL 12382956, at *2 ("The dismissal without prejudice in this case . . . did [not] materially alter the relationship between the parties, as the dismissal left Plaintiffs free to bring their claims against Defendant at a later time"). However, Defendants argue

that there is one claim that *cannot* be litigated in the future, the state-law wrongful death claim against Detective Hardy, since it is now time-barred. ECF No. [46] at 2. Defendants contend that this claim is thus essentially dismissed *with* prejudice, which would render Defendants prevailing parties. *See* ECF No. [46] at 2–3; *see also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (finding, without reference to the *Smalbein* analysis, that "[d]efendants, having obtained from [plaintiff] a voluntary dismissal with prejudice, are considered prevailing parties" and thus are entitled to costs).

Although Defendants' argument is well-taken that there is a change in the legal relationship between Plaintiffs and Defendant Hardy as to this particular claim, and that one need not prevail on all claims in an action to be considered the prevailing party, neither Plaintiffs nor Defendants cite to any authority within this Circuit that directly addresses whether a change in relationship like the one here is marked by "a judicial *imprimatur*" as required under the *Smalbein* analysis. *See Smalbein*, 353 F.3d at 905. Although Plaintiffs' state-law wrongful death claim as to Defendant Hardy is now time-barred, there has been no Court action on this issue to constitute a judicial *imprimatur* on the change. The Court's Final Order of Dismissal Without Prejudice, ECF No. [44], is insufficient to meet the second *Smalbein* prong. *See United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019) (noting that a "dismissal without prejudice places no judicial *imprimatur* on the legal relationship of the parties . . . . the order of dismissal poses no legal bar precluding the government from refiling the same [] action in the future.") (internal citations and quotations omitted).

Finally, even if the Court were to consider that it has discretion to award these costs, the most generous reading of the cases cited by Defendants, the undersigned is not persuaded that such relief is warranted here. *See AmeriPath, Inc.*, 2011 WL 3475367, at *3 ("To the extent that [defendant's] authorities stand for the proposition that this Court has discretion to award him costs

in this case, the Court declines to exercise this discretion as it finds no reason to award costs."). Defendants submitted a four-page motion that offers nothing more than the statement that the depositions were necessary. There also appears to be nothing about the procedural history or the facts that would merit awarding costs to Defendants.

### III.    RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Defendants' Motion be **DENIED**.

### IV.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **SEVEN (7) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period in this case given that matters addressed by the Court are discrete, and there is limited case law on the matter in any event. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on March 2, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE